# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

### FIRST DISTRICT—MARCH TERM, 1881.

## PATRICK TOWLE ET AL.
### v.
## E. O. LAMPHERE.

1. ATTACHMENT—AFFIDAVIT—BURDEN OF PROOF.—Where, in an affidavit for attachment, the plaintiff alleges that the defendant has fraudulently conveyed or assigned his effects, and frandulently concealed or disposed of his property, so as to hinder and delay his creditors, and issue is taken upon such affidavit, the burden of establishing by a preponderance of evidence, some one at least of the causes alleged, is upon the plaintiff.

2. FRAUD NOT PRESUMED.—Fraud is not to be presumed, but is to be established by proofs. In this case, the fact that the defendant was endeavoring to sell his stock of goods, in the absence of any proof tending to show that this was all his property, that he owed other debts, or that he was insolvent, does not prove fraud, or that such sale would hinder or delay creditors.

3. PRACTICE IN ATTACHMENT.—Upon the trial of an issue in attachment, resulting in favor of the defendant, the jury should render a formal verdict for the defendant, before the court quashes the attachment. A failure to do so, however, is not an error calling for a reversal.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed March 29, 1881.

This suit was commenced by attachment. The amount of the indebtedness was $427.42. The causes set forth in the affi-

davit for the writ was (1), that Lamphere the debtor had within two years last past fraudulently conveyed or assigned his effects or a part thereof, so as to hinder and delay his creditors. (2), that he had within that time fraudulently concealed or disposed of his property so as to hinder and delay his creditors. (3), that he was about to fraudulently conceal, assign, or otherwise dispose of his property or effects, so as to hinder and delay his creditors.

The defendant filed a plea in abatement, traversing these allegations, properly verified ; also the plea of the general issue. There was a trial before the court and a jury, and when the plaintiffs introduced their evidence and rested their case, the defendant's counsel moved the court to exclude the evidence and quash the writ of attachment, which the court granted, the jury rendering no verdict. Whereupon the plaintiff's counsel moved the court to strike out defendant's plea of general issue, for want of affidavit of merits and for default and judgment. This motion was likewise granted, and judgment was rendered against defendant for $494,86. The plaintiffs then asked for a new trial, which was overruled, and they took an appeal to this court.

Messrs. TENNEY, FLOWER & CRATTY, for appellants; that if there is evidence tending to prove an issue in a case, it is error to exclude it, cited Crowly v. Crowly, 80 Ill. 469; Hanford v. Obrecht, 49 Ill. 146; Smith v. Gillett, 50 Ill. 290; Hutt v. Bruckman, 55 Ill. 441; Merricks v. Davis, 65 Ill. 319; Grimes. v. Butts, 65 Ill. 347.

Mr. S. S. WILLARD, for appellee; that the burden is upon the plaintiff to establish the causes set up in his affidavit, cited White v. Wilson, 5 Gilm. 21; Zeigler v. Cox, 63 Ill. 48.

Excluding the evidence in this case did no harm, and is therefore no ground for reversal: Crowly v. Crowly, 80 Ill. 469.

McALLISTER, P. J. Where the causes attempted to be set out in the affidavit for an attachment are of the nature found in the affidavit in this case, and the debtor, under section

Towle v. Lamphere.

twenty-seven of the Attachment Act, files his plea duly verified, traversing the facts stated in the affidavit, the law casts the burden upon the plaintiffs of establishing upon the trial by a clear preponderance of evidence, some one, at least, of such causes. To establish either of the causes in question, it was incumbent upon the plaintiffs to show by facts and circumstances in evidence, not only that the debtor had within the two years fraudulently disposed of, or concealed, some portion of his effects, or that he was about to do so, but that he had done, or was about to do so, in such manner and under such circumstances, as would hinder or delay his creditors.

In determining the question whether the court below was justified in excluding the plaintiff's evidence from the jury, which is really the only question in the case, we are not called upon to enter into any particular discussion as to the kind and degree of proof necessary to establish a charge of fraud in a court of law, though the rules are recognized by the highest legal authorities, as being more rigid in such courts than in courts of equity. 1 Story's Eq. Jur., Sec. 190, where it is said: "But it is equally a rule in courts of law and courts of equity that fraud is not to be presumed, but it must be established by proofs. Circumstances of mere suspicion leading to no certain results, will not in either of these courts be a sufficient ground to establish fraud. On the other hand, neither of these courts insists upon positive and express proofs of fraud; but each deduces them from circumstances affording strong presumptions." For general rules as to showing fraud, see Burrill on Assignments, Secs. 340, 341, and cases in notes.

We have carefully examined the evidence adduced in the court below, and the substance of it all is: that plaintiffs' were wholesale grocers, and defendant was keeping a retail grocery, in the city of Chicago, and about Nov. 20, 1879, the latter bought of the former, a bill of goods amounting to $700, on which he paid $300, the balance to run thirty days. When the credit expired defendant was called upon and promised to pay, but did not. December 31, 1879, he was visited by one of plaintiffs, accompanied by their attorney, and again requested to pay the balance; that defendant while signifying

his ability to pay the bill, nevertheless refused to do so then, but stated that his clerk was then down town to negotiate some paper, and if he returned in time, he, defendant, would come to plaintiff's store that afternoon and settle the bill; that he did not come, but came about 9 o'clock on the morning of January 2nd, 1880, and gave some excuse for not coming on the afternoon of the 31st December.

It appears by the testimony that defendant, having in his store goods estimated to be worth $700 or $800, was negotiating a sale of them to one Shoecraft, on the first of said January which was closed up in the morning of the 2nd of the same month. But the plaintiffs gave evidence tending to show that such sale was made upon a valuable consideration paid by Shoecraft, viz: a deed of eighty acres of land in the state of Iowa, and the assignments of a mortgage on land in the same State, and there was no other evidence as to the consideration. There was no evidence tending to show that the defendant owed any other debts; that he was insolvent, or in failing circumstances; or that the goods so sold constituted the bulk of his tangible property. For aught that appears in the testimony, the defendant may have been entirely solvent, and possessed of abundance of property within the jurisdiction of the courts of Cook county, subject to execution.

In this view of the case, while there might be circumstances calculated to excite suspicion, that the sale of defendant's goods to Shoecraft was fraudulent, still, in the absence of all testimony of such goods constituting the whole, or chief part of his property, or that he was insolvent or in failing circumstances, there was no evidence at all tending to show that such sale would hinder or delay creditors; and therefore the court below was right in excluding the evidence from the jury. Technically, the jury should have formally rendered a verdict for defendant before the court quashed the attachment. It is however an error which could not prejudice the plaintiffs, and for that reason it constitutes no ground for reversing the judgment. If parties and attorneys will not take the trouble to properly prepare their cases for trial, they must bear the consequences. If there was evidence which might have been

obtained to supplement what was lacking in this case, then it is plaintiff's fault that such evidence was not produced. If, on the other hand, no such evidence was obtainable because the facts themselves left just such a break in the necessary links of the chain, then the attachment ought never to have issued, and justice demanded that it be quashed.    The judgment will be affirmed.

Affirmed.